DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 307-5176
    Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AHMAD ABOUAMMO; <br> ALI ALZABARAH; and <br> AHMED ALMUTAIRI, <br>    also known as Ahmed Aljbreen, <br><br> Defendants. | CASE NO. 3:19-CR-0621-EMC <br><br> **GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT AND SUPPORTING MEMORANDUM OF LAW** |

    The United States of America, by and through its undersigned counsel, respectfully moves the Court for a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. In accordance with the CIPA procedures outlined herein, the government

anticipates filing an *ex parte* motion, pursuant to Section 4 of CIPA, for *in camera* resolution concerning specific classified information. The government does not anticipate using classified information affirmatively at trial, nor does the government anticipate providing classified information to the defense in this case, which would implicate other provisions of CIPA that are not otherwise discussed herein.

## I. OVERVIEW OF RELEVANT CIPA PROVISIONS

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence services." *CIA v. Sims*, 471 U.S. 159, 175 (1985); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA was enacted "to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988). Consequently, CIPA establishes a set of procedures by which courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.[1] *See id*. These procedures "endeavor to harmonize a defendant's right to a fair trial with the government's right to protect classified information." *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013).

Importantly, "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence." *Sedaghaty*, 728 F.3d at 903.

---

[1] Under CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III, § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* at § 1(b).

2

Rather, it applies preexisting discovery law to classified information and restricts discovery of classified information to protect the government's national security interests. *See Sedaghaty*, 728 F.3d at 904.

Thus, CIPA does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *see also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In order to determine whether the government must disclose classified information, the court must determine whether the information is 'relevant and helpful to the defense of an accused.'"). Nor does CIPA provide that the admissibility of classified information be governed by anything other than "the well-established standards set forth in the Federal Rules of Evidence." *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1364 (11th Cir. 1994).

### A. CIPA Section 2: Pretrial Conference

Section 2 of CIPA, which the government is invoking in the instant motion, authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. 18 U.S.C. App. III § 2. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5–6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298–99 (96th Cong. 2d Sess.). Where, as here, the government is seeking to protect classified information from unwarranted discovery, rather than make affirmative use of it, the conference serves to advise the Court of forthcoming *ex parte* motion practice in a manner that may promote a fair and expeditious trial. *Id*.

### B. CIPA Section 4: Protection of Classified Information

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; *see e.g.*, *Sedaghaty*, 728 F.3d at 903-04. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify

the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823 at 6, *reprinted in* 1980 U.S.C.C.A.N. at 4299–4300; *see also Sarkissian*, 841 F.2d at 965.

Section 4 provides, in pertinent part, that a district court:

> [u]pon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4. In essence, Section 4 allows the government to request that a court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and/or Fed. R. Crim. P. 26.2, and, if it is discoverable, to protect such classified information from disclosure through various means. *See Sedaghaty*, 728 F.3d at 904.

C.   CIPA Section 7: Interlocutory Appeal

Section 7 of CIPA permits the United States to take an interlocutory appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. 18 U.S.C. App. III, § 7. Section 7 requires the court of appeals to give expedited treatment to any such interlocutory appeal. *Id.* If such appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at § 7(b). In sum, CIPA permits the government to make an informed decision concerning the costs of going forward with a prosecution involving classified information. *See United States v. Collins*, 720 F.2d 1195, 1196-97 (11th Cir. 1983).

D.   Request to Designate Classified Information Security Officer

In anticipation of the issues raised by this motion, the government requests that the Court designate a Classified Information Security Officer (CISO) pursuant to Section 2 of the Revised

4

Security Procedures established under Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA. That section provides that:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer." The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 § 2. CISOs designated pursuant to this process are responsible for the security of all classified information in the Court's custody and assist the Court with appropriate security clearances for the Court's staff as well as the handling and storage of any classified materials including any pleadings or other filings related to CIPA proceedings. *Id*.

The government recommends that the Court designate Mr. Winfield S. "Scooter" Slade, Security Specialist, for the position of Classified Information Security Officer in the above-captioned case. The government also recommends Security Specialists, Daniel O. Hartenstine, Matthew W. Mullery, Maura L. Peterson, Carli V. Rodriguez-Feo, and Harry J. Rucker as alternate Classified Information Security Officers.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: July 31, 2020.

*/s/ Benjamin Hawk*
COLIN SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division